Bartola Collazo, Dolores, Eufemia y Marcolina Herrera, demandantes y apelante la primera, v. Eudosia Mouriño Alvarado y el menor Pedro Juan Herrera y Mouriño, demandados y apelados.

No. 6769.—*Sometido:* Enero 14, 1935. *Resuelto:* Marzo 8, 1935.

*Ramón G. Goyco* y *Ángel Fiol Negrón,* abogados de las apelantes; *Leopoldo Tormes García,* abogado de los apelados.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Bartola Collazo y tres hijas legítimas suyas, como madre y hermanas respectivamente de Pedro Juan Herrera Collazo, que ha fallecido, demandaron a Eudosia Mouriño Alvarado y al menor Pedro Juan Herrera Mouriño, a quien Pedro Juan Herrera Collazo inscribió en el registro civil algunos años antes de morir como hijo habido por él en su matrimonio con Eudosia Mouriño Alvarado, para que se declare que tal niño no es hijo legítimo de ese matrimonio y para que en consecuencia se declare nula la resolución judicial que declaró a los demandados herederos de Pedro Juan Herrera Collazo.

La Corte de Distrito de Ponce declaró que la demanda no aduce hechos determinantes de causa de acción y por ese fundamento dictó sentencia declarando sin lugar la demanda, contra cuyo fallo interpuso una de las demandantes, Bartola Collazo, este recurso de apelación. Once meses después nos pidieron los apelados que desestimemos ese recurso alegando para ello tres motivos: porque la transcripción de los autos debió ser presentada en este Tribunal dentro de los treinta días siguientes a la interposición de la apelación de acuerdo con la ley, toda vez que habiendo sido declarada sin lugar la demanda por no aducir causa de acción no era necesaria para resolver la apelación la transcripción de la evidencia presentada en el juicio: porque el hecho de haber apelado solamente una de las demandantes no le da jurisdicción a este tribunal sobre el asunto, y que el escrito de apelación no fué notificado a las otras demandantes: y porque la apelación es frívola. Cuando fué oída esa moción habían sido ya presentados en este tribunal los autos para resolverla, de los que forma parte la transcripción de la evidencia.

Al comenzar el juicio de este caso en la corte inferior se discutió por las partes la excepción opuesta a la demanda de no contener hechos determinantes de causa de acción; y para evitar las partes que el juicio se suspendiera hasta que esa cuestión fuese resuelta, convinieron, y la corte aceptó, que se practicase la prueba sin perjuicio de que después fuese resuelta la suficiencia de la demanda, la que fué decidida por la corte por las alegaciones y sin tener en cuenta la prueba que fué presentada. Por esto, por no ser necesaria la evidencia presentada en el juicio para resolver esta apelación la desestimamos, por no haber sido presentado en este tribunal el legajo de la sentencia dentro de los treinta días siguientes a la interposición del recurso (47 D.P.R. 659). Posteriormente dejamos sin efecto esa resolución porque en la transcripción de la evidencia constan ciertas enmiendas hechas por las partes a sus alegaciones, las cuales no fueron presentadas por escrito (47 D.P.R. 758).

■ Celebrada una nueva vista de la moción de desestimación no podemos decretarla por el primer motivo señalado al principio porque para poder resolver si la demanda aduce o no hechos determinantes de causa de acción tenemos que conocer las enmiendas que fueron hechas y que sólo constan en la transcripción de la evidencia, por lo que era necesario en este caso, dadas las circunstancias que concurren, que la transcripción taquigráfica de la evidencia fuese traída a este Tribunal para poder conocer las enmiendas que contiene.

■■ Veamos si tenemos jurisdicción para conocer de la apelación interpuesta por una sola de las demandantes. No tenemos que resolver en esta ocasión si como dicen los apelados es necesaria la apelación de todas las demandantes para darnos jurisdicción para decidir este recurso porque, sea ello como fuere, lo cierto es que la acción, si existe en este caso, puede ser ejercitada por cualquiera de las demandantes sin la concurrencia de las otras, ya que cualquiera de las herederas del padre del menor puede ejercitarla, por lo que cualquiera de los que han demandado como herederos puede establecer la apelación contra la sentencia. Tampoco era necesario notificar la apelación a las otras tres demandantes porque no son partes adversas a Bartola Collazo, ya que si revocáramos la sentencia apelada no resultarían perjudicadas por nuestra decisión.

Con respecto a la alegada frivolidad de la apelación nos parece que dada la importancia de la cuestión planteada por la demanda es preferible que el recurso continúe por todos sus trámites para que tengamos el beneficio de los alegatos de ambas partes para decidirlo.

*La desestimación de la apelación debe ser negada.*